# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

JOHN FREDERICK CASE, II,

                Petitioner,         :     Case No. 1:13-cv-245

    - vs -                        District Judge Sandra S. Beckwith
                                    Magistrate Judge Michael R. Merz

WARDEN, WARREN CORRECTIONAL
  INSTITUTION,
                                :
                Respondent.

# REPORT AND RECOMMENDATIONS

Petitioner John Frederick Case, II, represented by counsel, brought this action pursuant to 28 U.S.C. § 2254 to obtain habeas corpus relief from his conviction in the Hamilton County Common Pleas Court on two counts of felonious assault with specifications (Petition, Doc. No. 1, PageID 2). On Magistrate Judge Bowman's Order (Doc. No. 3), the Respondent, who has custody of Case pursuant to the judgment of commitment, has filed a Return of Writ (Doc. No. 7) and Petitioner has filed a Reply (Doc. No. 8). The case is therefore ripe for decision.

Case pleads one ground for relief:

> **Ground One:** The Ohio Courts entered decisions that were contrary to, or unreasonable applications of, In re Winship and *Jackson v. Virginia*, 443 U.S. 307 (1979) and their progeny by ruling that the state's evidence was sufficient to support a finding that Mr. Case was guilty beyond a reasonable doubt.
>
> **Supporting Facts:** The state's evidence, even viewed in a light most favorable to the state, fails to support a finding that Mr. Case was guilty of the charged offenses beyond a reasonable doubt.

(Petition, Doc. No. 1, PageID 6.)

1

**Procedural History**

Case was indicted on two counts of felonious assault under Ohio Revised Code § 2903.11(A)(2) and 2903.11(A)(1) with each count carrying a firearm specification. The First Count of the Indictment charges Case caused or attempted to cause physical harm to Randall Wiley by means of a firearm (Indictment, Return of Writ, PageID 54). The Second Count charges that Case knowingly caused serious harm to Randall Wiley. *Id.* at PageID 55. The charges and specifications were tried to a jury which convicted Case on all counts. The trial judge then merged the counts under Ohio Revised Code § 2941.25 and sentenced Case to nine years imprisonment.

Case appealed to the First District Court of Appeals, asserting in his First Assignment of Error that there was insufficient evidence to convict. The court of appeals summarily found the evidence to have been sufficient, holding "a rational trier of fact could have found the essential elements of felonious assault beyond a reasonable doubt." *State v. Case,* Case No. C-110325 (1st Dist. Jan. 27, 2012)(unreported; copy at Return of Writ, PageID 108, citing *State v. Jenks*, 61 Ohio St. 3d 259 (1991)). The Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal. *State v. Case*, Case No. 2012-0279 (Entry at Return of Writ, PageID 125). The instant Petition followed.

## Analysis

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

*Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

In cases such as Petitioner's, challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury

> deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009).  In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith,* 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062 (2012)(*per curiam).*

**Procedural Default for Failure to Fairly Present Claim to the State Courts**

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity

to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted. *Williams,* 460 F.3d at 806; *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it).

A state prisoner ordinarily does not 'fairly present' a federal claim to a state court if that court must read beyond a petition, a brief, or similar papers to find material that will alert it to the presence of such a claim. *Baldwin v. Reese*, 541 U.S. 27 (2004

A petitioner fairly presents a federal habeas claim to the state courts only if he "asserted both the factual and legal basis for his claim. *Hicks v. Straub*, 377 F.3d 538 (6th Cir. 2004), *citing McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000); and *Picard v. Connor*, 404 U.S. 270, 276-78 (1971).

> In determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, we consider whether: 1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; 2) the petitioner relied upon federal cases employing the constitutional analysis in question; 3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or 4) the petitioner alleged "facts well within the mainstream of [the pertinent] constitutional law."

*Hicks,* 377 F.3d *at* 552-53, *citing McMeans*, 228 F.3d at 681.

Case's argument for insufficient evidence before this Court is that (1) he was intoxicated on gin and marijuana and (2) he did not intend to actually hit Riley with the two bullets he shot at him, but only to frighten Riley enough so that Riley would let him escape (Brief in Support of Petition, Doc. No. 2, PageID 27).

Respondent argues this theory of why the evidence was insufficient was not fairly presented to the state courts (Return of Writ, Doc. No. 7, PageID 49-51).  In his Reply, Case claims he did fairly present the same insufficient evidence claim to the state courts as he presents here:

> The fact that Mr. Case highlights one aspect of the state's insufficient evidence should not create a barrier to relief in light of the constitutional error.  In this case, no doubt exists that one aspect of the argument presented in the state court was that the state had failed to prove knowledge, while one aspect of Mr. Case's argument highlighted before this Court is that the state failed to prove Mr. Case was able to form the intent necessary to convict him.  Mr. Case's opening brief demonstrated that the argument is one and the same – that he "could not have knowingly" acted with an attempt [sic] to cause physical harm to another."

(Reply, Doc. No. 8, PageID 505, citing Brief in Support of Petition, Doc. No. 2, PageID 27.)

What Case actually argued in the First District was that he had presented to the trial court substantial evidence of self-defense, acknowledging that he was required to prove this affirmative defense by a preponderance of the evidence (Appellant's Brief, Return of Writ, PageID 86).  He then claims this "was a clear case of self-defense," based entirely on his own testimony about what happened.  *Id.*  at PageID 87.  His Third Assignment of Error essentially makes the same insufficient evidence claim, phrasing it in terms of error in denying the motion for acquittal, citing no evidence, and merely stating in conclusory fashion that the evidence was

insufficient.  *Id.* at PageID 89.  Under the Third Assignment of Error, Case presents no theory of why or how the evidence was insufficient.  There is no place in Case's Brief on appeal where he argues either that he did not act knowingly or that he was voluntarily intoxicated.  To have found any such claim, the First District would have had to read well beyond the brief, an exercise not required under *Baldwin v. Reese, supra.*

Case argues he satisfies the fair presentation requirement if "the *constitutional* claim . . . presented in the state courts" is the same as that presented to the habeas court (Reply, Doc. No. 8, PageID 506).  Not so.  What must be fairly presented to the state courts is the same legal and factual theory as is presented to the habeas court.  Case argued to the First District that he had clearly proven self-defense; he argues here that he proved voluntary intoxication and that the State did not prove he intended to harm Wiley.  Those are not the same facts and legal theory.  There are many different ways in which the State could fail to prove a felonious assault:  lack of identification, failure to prove the firearm was operable, failure to prove the injury was serious, etc.  The state courts are entitled to pass on the same theory eventually presented in habeas.  The Magistrate Judge concludes Case procedurally defaulted in presenting his sole ground for relief to the state courts.

Case argues that if the Court finds procedural default, it can be excused by appellate counsel's failure to properly raise the issue (Reply, Doc. No. 8, PageID 506).  While ineffective assistance of appellate counsel can be excusing cause for failure to properly raise an issue on appeal, the claim of ineffective assistance of appellate counsel must first be presented to the state courts or it is itself procedurally defaulted.  *Edwards v. Carpenter*, 529 U.S. 446 (2000).  The record shows Case has never presented this claim of ineffective assistance of appellate counsel to the state courts.

Case's sole Ground for Relief should be dismissed with prejudice for failure to fairly present it to the state courts.

**The Merits**

Alternatively, Case sole Ground for Relief is without merit.

Under *Jackson v. Virginia*, 443 U.S. 307 (1979), *supra*, the State's due process obligation is to present sufficient evidence on every element of a crime so that a rational trier of fact could convict. Appellate and habeas courts under *Jackson* consider that evidence without weighing the evidence against it, i.e., in the light most favorable to the prosecution. In this case the evidence considered in that light is overwhelming. The victim, Mr. Riley, an eyewitness, testified to all of the essential elements: Case struck him with an operable firearm, then fired that firearm at him, striking him twice. But there's more: Case admits firing the gun at Riley. But there's even more: Antwon Harris saw Case fire the gun at Wiley after Harris begged him not to do so. All the jury had to do to convict on both counts and the specifications was to believe those three witnesses. Case makes no argument that any of those witnesses was inherently unbelievable.

Case argues the State did not prove he intended to harm Wiley. But it did not need to do so. Ohio Revised Code § 2903.11(A) requires the State to prove a defendant acted knowingly, not purposely or intentionally. See Ohio Revised Code § 2901.22. The State adequately proved Case acted knowingly by his own admissions on the witness stand, entirely apart from Riley's or Harris's testimony.

Case argued in the state courts that he acted in self-defense, but his testimony is not so persuasive that any rational trier of fact would be required to believe it. Instead, the jury could

rationally accept, as it clearly did, Riley's and Harris's account of what happened.  The jury could also quite rationally consider that when first questioned, Case denied even knowing Wiley.

Case argues he was too intoxicated to be found guilty.  Voluntary intoxication used to be a defense to a specific intent crime in Ohio if the evidence established that the defendant was mentally unable to intend anything. *State v. Otte*, 74 Ohio St. 3d 555, 564 (1996).  Under prior Ohio law, "intoxication is not raised as a defense to the element of purpose in a criminal prosecution merely because the evidence suggests reduced inhibitions, impaired judgment or blurred appreciation by the defendant of the consequences of his conduct."  *State v. Hill, supra*, *quoting State v. Hicks*, 43 Ohio St. 3d 72, syllabus (1989).  "Even severe intoxication can co-exist with purpose to kill."  *State v. Dennis,* 79 Ohio St. 3d 421, 436  (1997).  Effective October 2000, ten years before the crimes in this case, Ohio eliminated voluntary intoxication as a defense to specific intent.  *Smith v. Bradshaw*, 591 F.3d 517, at n. 2 (6th Cir. 2010), *citing* Ohio Rev. Code § 2901.21(C).  And in any event, felonious assault is not a specific intent crime; rather, the required *mens rea* is that the defendant acted knowingly.  Ohio Revised Code § 2903.11(A).


**Conclusion**


Case procedurally defaulted in presenting his insufficient evidence claim in the state courts because he relied on a different theory – self-defense – from the theories he relies on here – lack of proof of *mens rea* and voluntary intoxication.  If the procedural default were excused or ignored, Case would still not be entitled to relief because the State presented ample evidence of guilt.

9

It is therefore respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

May 2, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).