IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

JOHN FREDERICK CASE, II,

        Petitioner,    :    Case No. 1:13-cv-245

 - vs -    District Judge Sandra S. Beckwith
    Magistrate Judge Michael R. Merz

WARDEN, WARREN CORRECTIONAL
 INSTITUTION,

    :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 11) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition (Doc. No. 10, the "Report").  Judge Beckwith has recommitted the case for reconsideration in light of the Objections (Doc. No. 12).

Petitioner Case pleads only one ground for relief, i.e., that his conviction on two counts felonious assault with a firearm specification are not supported by sufficient evidence.  The Report concluded that this claim was procedurally defaulted for lack of fair presentation, that the default could not be excused by ineffective assistance of appellate counsel, and that, in the alternative, the claim was without merit.  Case objects to all three conclusions.

**Fair Presentation**

The Objections concede that a habeas petitioner must present the same claim in habeas which he presented and exhausted in the state courts (Objections, Doc. No. 11, PageID 522-23, citing *Wong v. Money*, 142 313, 322 (6th Cir. 1998)).  But Case says that is what he did.  He acknowledges that his state court appellate argument claimed the State's evidence was insufficient because he proved he had acted in self-defense (Objections, Doc. No. 11, PageID 523).  But, he asserts, his federal court argument is the same:

> Here in federal court Mr. Case is making the same argument.  To be sure, he is doing a better job of it here by bothering to be *particular* about how the state failed – what it failed to prove.  His point continues to be that the evidence he presented showed he acted in self-defense in turn demonstrated [sic] that he could not have acted "knowingly" to harm Randall Deray Wiley.  Stated slightly differently, the state court argument focused on the evidence showing he acted in self defense, while his argument here bothers to expressly close the loop on that argument – noting that the evidence that he acted in self defense shows that he did not knowingly cause or attempt to cause Mr. Wiley harm.  His conduct was to [sic] intended to protect himself, end the danger to himself, not to harm anyone.

*Id.* at 523-24.

This argument is not persuasive.  Case was convicted of two counts of felonious assault, one under Ohio Revised Code § 2903.11(A)(2) and one under 2903.11(A)(1) with each count carrying a firearm specification.  The elements of the first of those offenses is that the defendant (1) knowingly (2) caused or attempted to cause (3) physical harm to another (4) by use of a deadly weapon.  The elements of the second offense are that the defendant (1) knowingly (2) caused serious physical harm to another.  Under the Due Process Clause of the Fourteenth Amendment, the State must prove each of these elements beyond a reasonable doubt.  *In re*

*Winship*, 397 U.S. 358 (1970).  It is elementary that failure on any one of the elements is fatal to the State's case on that charge.  As pointed out in the Report, a defendant could attack a conviction for felonious assault by attacking the sufficiency of the evidence on any one of the elements (Report, Doc. No. 10, PageID 516).  For example, a defendant might claim the State had not shown any physical harm or that a deadly weapon was used.

Case now claims that what he attacked on direct appeal was the *mens rea* element of "knowingly," which is required for each of the two counts of conviction.  He says he did so by claiming self-defense.  After stating boilerplate law on sufficiency of the evidence, Case's **entire argument** on his insufficiency claim reads:

> Mr. Case presented substantial evidence that he acted in self-defense; as self-defense is an affirmative defense, Mr. Case was required to prove it by a preponderance of the evidence. R.C. Section 2901.05(A); State v. Willford (Ohio 1990), 49 Ohio St.3d 247, 551 N.B.2d 1279. In order to prove self-defense, Mr. Case was required to prove 1) that he was not at fault in creating the violent situation; 2) that he had a bona fide belief that he was in imminent danger of death or great bodily harm; and 3) that his only means of escape was the use of force. Mr. Case also needed to demonstrate the he retreated or avoided danger if at all possible. State v. Thomas (Ohio 1997), 77 Ohio St.3d 323, 673 N.E.2d 1339, 1997 Ohio 269. Finally, generally the aggressor or instigator of the fight cannot rely on self-defense. State v. Melchior (Ohio 1978), 56 Ohio St.2d 15, 381 N.E.2d 195.
>
> Mr. Case was convicted of felonious assault, but the jury's verdict was simply not sustained by sufficient evidence. Mr. Case testified that Mr. Riley threatened him with the firearm; he had to wrestle the gun from Mr. Riley; Mr. Riley then continued to attack him; and being in fear for his life, he shot Mr. Riley to keep him from attacking him again. (T.p. 246-252). This was a clear case of self-defense. No reasonable trier of fact could find beyond a reasonable doubt that Mr. Case was guilty. Mr. Case's conviction was not sustained by sufficient evidence, and such conviction should be overturned.

(Brief of Defendant-Appellant, Return of Writ, Doc. No. 7-1, Ex. 14,  PageID 86-87.)   No

mention is made of the word "knowingly" or any *mens rea* argument.  Instead, the argument amounts to saying that the evidence of self-defense was so compelling that a jury could not constitutionally fail to accept it.

Under Ohio law, the defense of self-defense is not a negation of evidence of culpable mental state.  Instead, it is an affirmative defense on which the defendant has the burden of proof by a preponderance, as Case admitted on direct appeal.  See Ohio Revised Code § 2901.05.  Allocating the burden of production and proof in that way is constitutional.  *Martin v. Ohio,* 480 U.S. 228 (1987).  As noted in the Report, for the First District Court of Appeals to understand that Case was arguing self-defense as a method of showing the State had not proven he acted knowingly, they would have had to go far outside the briefs; indeed, Case does not tell us where the First District could have found that argument in the state court record.  Under those circumstances, there has not been fair presentation.  *Baldwin v. Reese*, 541 U.S. 27 (2004).  To put it another way, "insufficient evidence" is a bit less general than a blanket claim of lack of due process, but it is not specific enough to convert a self-defense argument into a *mens rea* argument.

**Cause and Prejudice**

Case argued in his Reply that any procedural default by lack of fair presentation was excused by ineffective assistance of appellate counsel in fairly presenting the insufficiency argument.  The Report concluded this excuse was barred by Case's failure to present an ineffective assistance of appellate counsel claim to the state courts (Report, Doc. No. 10, PageID 516, citing *Edwards v. Carpenter,* 529 U.S. 446 (2000)).

Case objects, relying on *Corral v. United States,* 2014 U.S. App. LEXIS 6644 (6th Cir. Apr. 9, 2014)(unpublished). *Corral* was an appeal from denial of a § 2255 motion to vacate a **federal** criminal conviction. The defendant had raised ineffective assistance of appellate counsel in the district court along with his substantive claims which was entirely appropriate, because ineffective assistance of appellate counsel claims in federal proceedings are required to be litigated in the first instance in the district court on a § 2255 motion – that is the proper forum. Procedure in habeas corpus under § 2254 is entirely different. As the Supreme Court held in *Edwards*, a case which came to it from Ohio, ineffective assistance of appellate counsel claims in Ohio must be raised in an application to reopen the direct appeal under Ohio R. App. P. 26(B). Case has never filed such an application and thus is barred from relying on ineffective assistance of appellate counsel to excuse his fair presentation default.

**The Merits**

The Report concluded, in the alternative, that there was ample evidence on which to convict and the Petition should therefore be denied on the merits as well as for procedural default (Report, Doc. No. 10, PageID 517-18). In his Objections, Case insists that the Court should focus only on whether the evidence is sufficient to show he acted knowingly, eschewing discussion of evidence on other elements (Objections, Doc. No. 11, PageID 528). The Magistrate Judge agrees. But that is what the Report already did.

As the Report notes, Case testified and admitted that he fired the gun. He never claimed in the state courts and does not claim now that he fired the gun accidentally. A jury could certainly infer from the fact that he admitted firing the gun and did not claim to have done so

accidentally or negligently that he had done so knowingly. Apart from Case's admission, the victim testified Case fired the gun. That alone would have been sufficient for conviction. How is it not? Apart from Case's and Riley's testimony, Antwon Harris watched Case fire the gun after Harris told him not to. All three of these pieces of testimony are noted in the Report (Doc. No. 10, PageID 517). Instead of arguing about what is insufficient about this evidence, the Objections cite to other cases in which other courts have found evidence to be insufficient. There is literally nothing lacking in the proof that Case acted knowingly in firing the gun.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition be dismissed with prejudice and Petitioner be denied a certificate of appealability and leave to appeal *in forma pauperis*.

May 13, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).