IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

John Frederick Case, II, )
)
        Petitioner, ) Case No. 1:13-CV-245
)
vs. )
)
Warden, Warren Correctional )
Institution, )
)
        Respondent. )

O R D E R

This matter is before the Court on Petitioner John Frederick Case II's petition for a writ of habeas corpus (Doc. No. 1), a Report and Recommendation filed by Magistrate Judge Merz on May 2, 2014 (Doc. No. 10) and a Supplement Report and Recommendation filed by Judge Merz on May 13, 2014, both recommending that Petitioner's petition be denied, and Petitioner's objections to both of those reports (Doc. Nos. 11 & 14). For the reasons that follow, Petitioner's objections are not well-taken and are **OVERRULED**; the Court both **ADOPTS** the Report and Recommendation and the Supplemental Report and Recommendation. Petitioner's petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

I. Background

Petitioner is a prisoner in the custody of the Ohio Department of Rehabilitation and Correction serving an aggregate term of nine years of imprisonment following his conviction for felonious assault with a firearm specification.

Petitioner spent Thanksgiving evening of 2010 in the company of Randall Wiley

1

and some of Wiley's family members.  Petitioner and Wiley had developed something of a symbiotic relationship.  Petitioner, who was underage at the time, supplied marijuana to Wiley and Wiley purchased alcohol for Petitioner.  On this particular evening, Petitioner passed the time after dinner with Wiley smoking marijuana and drinking two pints of gin. The hour grew late and Petitioner was unable to get a ride back to his apartment.  Wiley agreed to let Petitioner stay overnight.  Petitioner and Wiley repaired to Wiley's bedroom where they continued to smoke marijuana.

According to Wiley, their conversation turned to sexual matters and Wiley revealed to Petitioner his bisexuality.  Petitioner and Wiley viewed some pornography on Wiley's computer.  The discussion then turn to questions of penis size and Petitioner asked Wiley to show him his penis.  Wiley obliged.  After he did, Wiley indicated that Petitioner became agitated, produced a pistol from his waistband, and hit him in the face with it.  The two struggled for the gun but Petitioner gained control of it after Wiley slipped on the carpet.  As Wiley retreated toward the closet to take cover, Petitioner shot him twice.  Petitioner then grabbed his coat and fled the house.  Both bullets passed through Wiley and he apparently was treated for the gunshot wounds at the hospital and then released.  Doc. No. 7-3, at 18-50.

Petitioner's version of the event is somewhat similar.  According to Petitioner, however, Wiley asked Petitioner to show him his penis, which made him uncomfortable.  Petitioner said that Wiley then exposed himself, approached Petitioner with a gun drawn and pointed at his head, and said "We can do this the easy way or the hard way."  Petitioner then grabbed the gun, which he and Wiley struggled over.  Petitioner testified that he managed to wrest the gun from Wiley and then tried to leave the room but that

2

Wiley grabbed him around the waist.  Petitioner broke free again, however, and shot Wiley twice.  Petitioner testified that he shot Wiley because he was afraid that Wiley would get the gun back and either shoot him or demand that he perform some sexual act.  Petitioner admitted, however, that Wiley's back was turned to him when he shot him.  Doc. No. 7-3, at 152-53.

The jury rejected Petitioner's claim of self-defense and convicted him on two counts of felonious assault and two firearms specifications.  At sentencing, the trial judge merged the two counts and two specifications and imposed an aggregate term of nine years of imprisonment.  The trial court overruled Petitioner's post-trial motion for judgment of acquittal based on the alleged insufficiency of the evidence.

As is relevant here, Petitioner raised three related assignments of error in his direct appeal to the Ohio court of appeals.  Petitioner's first and third assignments of error argued that the prosecution failed to meet its burden to prove he was guilty of felonious assault.  Petitioner's second assignment of error argued that the jury's verdict was against the manifest weight of the evidence.  The gravamen of Petitioner's appeal was that no jury could reasonably have found beyond a reasonable doubt that he committed felonious assault because he acted in self-defense when he shot Wiley.

In January 2012, the court of appeals issued a short judgment entry overruling Petitioner's assignments of error because it concluded that, viewing the evidence in the light most favorable to the prosecution, a reasonable juror could have found Petitioner guilty of felonious assault.  In April 2012, the Supreme Court of Ohio declined discretionary review of Petitioner's appeal as not involving any substantial constitutional question.

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the Court in April 2013. Petitioner's petition raised one assignment of error - that the state court of appeals violated his right to due process when it concluded that the prosecution proved him guilty beyond a reasonable doubt of felonious assault. In the brief accompanying his petition, Petitioner argued that the state failed to meet its burden to prove that he "knowingly" assaulted Wiley because he was too intoxicated by marijuana and alcohol to form the requisite mental state. Petitioner also argued that the evidence at trial showed that he did not intend to shoot Wiley when he shot the gun, but rather to back Wiley off in order to give him time to retreat. Therefore, Petitioner argued, the evidence showed that he did not fire the shots with the purpose or intent to harm Wiley.

Magistrate Judge Merz issued a Report and Recommendation on Petitioner's petition which made two findings.

First, Judge Merz concluded that Petitioner procedurally defaulted his claim because he failed to "fairly present" it to the state court. Specifically, Judge Merz found that in his state court appeal, Petitioner argued only that he had clearly proven self-defense at trial. In contrast, Judge Merz noted that Petitioner's claim in this case is based on his alleged lack of intent to commit the offense, either because of voluntary intoxication or because he did not intend to harm Wiley. Judge Merz concluded, therefore, that Petitioner procedurally defaulted this claim because he did not present this factual and legal theory to the state court on direct appeal.

Second, Judge Merz determined that if Petitioner did not procedurally default his claim, it is in any event meritless. Judge Merz found that the evidence against

4

Petitioner was overwhelming. Specifically, Judge Merz noted that Wiley's testimony showed that Petitioner struck Wiley with an operable firearm and then fired it at him twice, striking him twice. Judge Merz also observed that Petitioner admitted shooting Wiley despite the fact that another witness at the scene, Antwon Harris, begged him not to. Judge Merz concluded further that Petitioner's claim that he acted in self-defense was not so persuasive that any rational trier of fact would be required to believe it. Finally, Judge Merz noted that voluntary intoxication is no longer a defense to specific intent.

Judge Merz recommended, therefore, that the Court dismiss Petitioner's habeas petition and deny a certificate of appealability.

Petitioner filed timely objections to the Report and Recommendation. Petitioner contends that he did fairly present his constitutional claim to the state court because he argued there that his showing that he acted in self-defense negated his intent to knowingly harm Wiley. Petitioner further contends, however, that if he procedurally defaulted his claim, the default should be excused due to ineffective assistance of appellate counsel. Finally, Petitioner objects to Judge Merz's conclusion that the evidence was overwhelming that he feloniously assaulted Wiley. Petitioner again contends that the evidence showed that he did not intend to harm Wiley.

Judge Merz then issued a supplemental report which addressed Petitioner's objections and found them to lack merit. Petitioner then filed objections to the supplemental report. These documents both cover a lot of the same ground as the original report. Judge Merz, however, found that Petitioner had even procedurally defaulted his ineffective assistance of appellate counsel claim by not filing a motion to

5

reopen his direct appeal. Petitioner objects to this conclusion on the grounds that he can rely on the ineffective assistance of appellate counsel as cause to excuse the default even without filing a motion to reopen his direct appeal.

## II. Standard of Review

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, the district court shall not grant a petition for a writ of habeas corpus on any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state-court opinion violates the "unreasonable application" clause of § 2254 when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state-court opinion will also involve the "unreasonable application" of Supreme Court precedent if it "either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context." Seymour v. Walker, 224 F.3d 542, 549 (6th Cir. 2000). The Supreme Court stated that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at

6

409. In defining the meaning of the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

Pursuant to Fed. R. Civ. P. 72(b), this Court reviews de novo Magistrate Judge Merz's Report and Recommendation.

### III. Analysis

#### A. Petitioner Procedurally Defaulted His Claim

Magistrate Judge Merz first determined that Petitioner procedurally defaulted his claim by not fairly presenting it to the state court. The Court agrees. A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000).

In his petition in this case, Petitioner contends that the prosecution failed to prove each element of felonious assault beyond a reasonable doubt as required by the Due Process Clause. See In re Winship, 397 U.S. 358, 364 (1970). This is so, Petitioner argues in his supporting brief, because he did not have the requisite mental state to commit felonious assault - either he was too intoxicated to form intent or he only meant to scare off Wiley, not harm him. As Judge Merz correctly found in his report, however, Petitioner did not raise these legal or factual issues concerning his intent on direct appeal. Rather, Petitioner contended that he had proved, beyond any reasonable finding to the contrary, that he acted in self-defense. Petitioner never argued on direct

7

appeal that he lacked intent to commit the offense. Indeed, Petitioner never even made these arguments to the jury. Rather, he argued that he reasonably feared for his life. Doc. No. 7-4, at 22-29.

Petitioner argues throughout his papers that he lacked the necessary intent to harm Wiley because he acted in self-defense. As Judge Merz indicates in his reports, however, Petitioner appears to have a fundamental misunderstanding of the affirmative defense of self-defense. Self-defense does not negate the state of mind necessary to commit the offense. State v. Martin, 488 N.E.2d 166, 168-69 (Ohio 1986). Self-defense, rather, provides a justification to the defendant for harming the victim. Indeed, in asserting self-defense, the defendant necessarily admits all of the elements that would otherwise prove the offense. Id. at 168. In this case, in other words, by raising the defense of self-defense, Petitioner necessarily admitted that he intended to harm Wiley, but that he should be excused by the jury because he reasonably feared for his life.

Consequently, Petitioner's claim on direct appeal that he had proven self-defense is different, both legally and factually, from his claim here that the prosecution failed to prove the required mental state beyond a reasonable doubt. Petitioner, therefore, procedurally defaulted his claim by not presenting it to the state court.

Finally, the Court finds that ineffective assistance of appellate counsel does not excuse the procedural default. Appellate counsel is not ineffective for not raising meritless claims on appeal. Goff v. Bagley, 601 F.3d 445, 468 (6th Cir. 2010). As Judge Merz noted, any appeal based on Petitioner's voluntary intoxication would have been meritless because under Ohio law, voluntary intoxication does not negate the

8

defendant's state of mind. Ohio Rev. Code § 2901.21(C) ("Voluntary intoxication may not be taken into consideration in determining the existence of a mental state that is an element of a criminal offense."). Additionally, as just explained, Petitioner's self-defense argument does not negate the state of mind required to commit felonious assault. And, as explained further below, Petitioner appears to have a basic misunderstanding of the applicable standard for determining if the prosecution has met its burden of proving each element of the offense beyond a reasonable doubt. Petitioner's appellate counsel, therefore, was not ineffective for not arguing on appeal that Petitioner lacked intent to commit the offense because he acted in self-defense.

Accordingly, Petitioner cannot establish cause and prejudice to excuse the procedural default.

### B. Petitioner's Due Process Claim Meritless Even If The Procedural Default Is Excused

As just stated, the Due Process Clause requires the prosecution to prove that a criminal defendant commited each element of the offense beyond a reasonable doubt. In determining whether the prosecution met this burden, the relevant inquiry "is whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis in original). A habeas petitioner challenging the sufficiency of the evidence has an additional burden - not only must he prove that the evidence was insufficient to support his conviction, he must also establish that the state court's application of the <u>Jackson</u> standard was objectively unreasonable. <u>Tucker v. Palmer</u>, 541 F.3d 652, 666 (6th Cir. 2008); <u>see</u> <u>also</u> <u>Saxton v.</u>

Sheets, 547 F.3d 597, 602 (6th Cir. 2008).

In this case, Petitioner was charged with felonious assault in violation of Ohio Rev. Code § 2911.03(A)(2). This offense has three elements: 1) the defendant knowingly 2) caused serious physical harm to another; and 3) by means of a deadly weapon or dangerous ordinance. Ohio Rev. Code § 2911.03(A)(2); State v. Barnes, 759 N.E.2d 1240, 1246 (Ohio 2002). As Judge Merz correctly found, in this case, in view of the Jackson standard, the prosecution overwhelmingly proved these elements. The second and third elements are not in doubt - Petitioner shot Wiley and seriously injured him. Even the first element is not in any serious doubt - Petitioner admitted at trial that he intended to shoot Wiley. See Doc. No. 7-3, at 153-54.[1]

---

[1] Here, the prosecution cross-examined Petitioner as follows:

Q. You made no attempt to leave the room with the gun, did you? Did you?

A. Before I shot him, no.

Q. Okay. You chose to end the situation by shooting him, you chose not to, even under your version of events, just back away with the gun, point it at him, and back out and leave the house? You chose not to do any of that, right?

A. Yes.

Q. You had the ability to, I mean, nobody was keeping you from opening up a door, right?

A. Yes.

Q. Nobody was keeping you pinned in that room, you just didn't want to go outside because it was cold outside, right?

A. Yes.

Petitioner's arguments in support of habeas relief have many serious flaws.

First, contrary to the applicable standard, Petitioner views the evidence entirely in his favor rather than in the light most favorable to the prosecution. Indeed, Petitioner completely ignores Wiley's testimony that Petitioner was the aggressor throughout the entire incident. See State v. Davis, 456 N.E.2d 1256, 1258 syl. 2 (Ohio Ct. App. 1982) (self-defense requires the defendant to prove that the victim was the aggressor). Thus, as Judge Merz correctly observed, the evidence was not so one-sided that any rational juror could only have concluded that he acted in self-defense.

Second, Petitioner misrepresents the record when he argues that the record shows that he only intended to scare off Wiley when he fired the two shots at him. Petitioner did not testify to this effect nor did he make this argument to the jury. To contrary, as set out in the footnote above, Petitioner admitted that he actually intended to shoot Wiley but claimed that he feared for his life when he did so. The record does not support any inference that Petitioner only tried to scare Wiley when he fired the gun at him.

---

Q. And you chose to fire two shots at a man that did not have a weapon, correct?

A. Yes.

Q. And you chose not to call 911, correct?

A. Yes.

Q. And you chose to flee from there and not tell anybody what happened, correct?

A. Yes.

Third, Petitioner fails to make any attempt to show how the state court of appeals' application of the <u>Jackson</u> standard was objectively unreasonable.

Fourth, and finally, as already explained, Petitioner erroneously conflates his defense of self-defense with the prosecution's burden to prove the state of mind needed to commit the offense.

Accordingly, for all of these reasons, Petitioner's claim that the prosecution failed to prove each element of the offense of felonious assault beyond a reasonable doubt is meritless.

Conclusion

For the foregoing reasons, Petitioner's objections to Magistrate Merz's Report and Recommendation and Supplement Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** both reports. Petitioner's application for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

A certificate of appealability will not issue with respect to this order because under the first prong of the applicable two-part standard established in <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural rulings. Additionally, Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists could not debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." <u>Id.</u> at 483-84. Petitioner remains free to request issuance of the certificate of appealability from the Court of Appeals. <u>See</u> 28

U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

With respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith. Therefore, Petitioner is **DENIED** leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**

Date June 9, 2014             s/Sandra S. Beckwith
                                                   Sandra S. Beckwith
                                      Senior United States District Judge